UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HOLLY THOMAS<br>2851 Jessup Road, #84<br>Jessup, Maryland 20794<br><br>    **Plaintiff,**<br>v.<br><br>DISTRICT OF COLUMBIA<br><br>    **Defendant.** | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 1:18-cv-951<br>)<br>)<br>)<br>) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**
(Disability Discrimination)

COMES NOW Plaintiff, Holly Thomas (hereafter "Plaintiff"), by and through undersigned counsel and submits this complaint of disability discrimination pursuant to Federal Rule of Civil Procedure 3 and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), as amended.

### I. JURISDICION AND VENUE

1. Federal question jurisdiction is conferred on this Honorable Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), and the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, et seq.

2. All actions and the events giving rise to Plaintiff's claims occurred within the jurisdiction of the United States District Court for the District of Columbia. Consequently, venue is proper in this Court under 28 U.S.C. § 1391(b).

3. Defendant District of Columbia is an employer within the meaning of 42 U.S. Code § 12101, et. seq. Plaintiff asserts *respondeat superior* where appropriate.

4. On or about December 19, 2015, Plaintiff filed a formal Charge of Discrimination with the District of Columbia Office of Human Rights (hereinafter "OHR"), OHR Docket No. 16-190-DC(CN). The Charge of Discrimination was cross-filed with the United States Equal Employment Opportunity Commission (hereinafter "EEOC"), EEOC Case No.: lOC-2016-00205.

5. OHR accepted Plaintiff's formal Charge of Discrimination as timely.

6. Defendant District of Columbia Government (hereinafter "District of Columbia") was duly notified about Plaintiff's administrative complaints and was given an opportunity to respond to her allegations.

7. On or about November 4, 2016, OHR made a finding of probable cause on Plaintiff's claims of harassment on the basis of her disability.

8. On or about September 11, 2017, Plaintiff withdrew her complaint from OHR and subsequently, requested a Notice of a Right to Sue letter from the United States Department of Justice, Civil Rights Division, to which the EEOC had transferred the case.

9. On or about January 26, 2018, Plaintiff received a Notice of a Right to Sue letter from the Department of Justice, Civil Rights Division, by certified United States Mail.

10. This Complaint is filed within 90 days after Plaintiff received a Notice of a Right to Sue letter on her EEOC complaint.

11. Plaintiff has exhausted the administrative remedies available to her under 42 U.S.C. §§2000e, *et seq.*, and all conditions precedent have occurred or been performed.

## II. PARTIES

12. Plaintiff is a resident of the State of Maryland and a former employee of Defendant. At all times relevant herein, Plaintiff was an employee and a teacher with the District of Columbia Public Schools ("DCPS"). Her duties and responsibilities included teaching students with an individualized education plan.

13. Defendant, District of Columbia, is a municipal government operating under the D.C. Self-Government Act and District of Columbia Public Schools is an entity thereof. Dr. Amanda Alexander, who succeeded former Chancellor Antwan Wilson ("Mr. Wilson"), is the Interim Chancellor of DCPS ("Dr. Alexander"). At the time of the incidents alleged herein, Dr. Alexander was Deputy Chief of Staff and Kaya Henderson ("Ms. Henderson") was the Chancellor of DCPS.

## III. FACTS CENTRAL TO PLAINTIFF'S CLAIMS

14. Plaintiff began working at DCPS as a Substitute Teacher and Educational Aide from November of 2009 to June of 2014. On or about August 11, 2014, Plaintiff's title and job duties and responsibilities changed to Special Education Teacher.

15. Plaintiff, a female, has a disability as classified under the Americans with Disabilities Act, as amended.

16. The ADA defines a disability as an impairment that substantially limits a "major life activity." Under the ADAAA, "major life activities" is expanded to include "major bodily functions," which includes, but are not limited to, "functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions." 42 U.S. Code § 12102(2)(B).

17. In accordance with the ADA and ADAAA, Plaintiff's disability is a serious, complex medical condition involving her endocrine and digestive systems.

18. While employed at Langdon Educational Campus ("Langdon") in Washington, DC, from August of 2014 through July of 2015, Plaintiff experienced harassment from DCPS administrators, Principal Kemi Baltimore-Husbands ("Principal Baltimore-Husbands"), and Vice-Principal Ethel Greene ("Vice-Principal Greene"), whom she had informed of her medical condition, and numerous DCPS staff. This harassment included negative, derogatory, and humiliating comments and gestures, such as calling Plaintiff "gross," made publicly and frequently by administrators, Principal Baltimore-Husbands and Vice-Principal Greene, and staff about Plaintiff's disability, including statements, both verbal and written (email), by individuals that they didn't want to work with her because of her disability.

19. In addition to the insulting and demeaning remarks about Plaintiff's disability, she received information about statements circulating among her colleagues that she had "Cancer." Plaintiff's colleagues began to regard her as having a disability after apparently learning about her medical condition from DCPS administrators at Langdon.

20. Throughout the 2014-2015 school year at Langdon, Plaintiff complained to Principal Baltimore-Husbands, Vice-Principal Greene, Defendant's Human Resources Department, members of Defendant's Leadership Team, including, but not limited to, Ms. Henderson and Dr. Alexander, and the employee union, Washington Teachers' Union. Also, Plaintiff attended meetings with school officials where she discussed her complaints of a hostile workplace environment, however, after the meetings, the unwelcome comments and harassment continued from administrators and staff alike.

21. Despite ongoing knowledge of the continuous harassment of Plaintiff by DCPS administrators and staff, Defendant at no time took actions to address or stop the harassment on the basis of her disability. Defendant's administrators and leadership team failed to properly ensure a harassment free workplace for Plaintiff.

22. Because of the harassment by Defendant at Langdon, Plaintiff experienced severe emotional and mental distress, which is ongoing in nature.

23. In or about August of 2015, Plaintiff transferred to another DCPS school, Neval Thomas Elementary School ("Neval Thomas"), because of the severe and pervasive hostile work environment at Langdon.

24. At Neval Thomas, Plaintiff also experienced public insult, ridicule, and harassment from DCPS administrators and staff on the basis of her disability.

25. Despite repeated complaints to Neval Thomas administrators, Principal Davia Walker ("Principal Walker") and Vice-Principal Haroon Rashed ("Vice-Principal Rashed"), the insult, ridicule, and harassment continued at Neval Thomas, leading Plaintiff to suffer serious health issues related to the stress and anxiety of working in a severe and pervasive hostile workplace environment.

26. As a result of the ongoing harassment, Plaintiff had no other recourse but to resign from her position at Neval Thomas, which represented a constructive discharge by Defendant.

27. Because of the harassment and the constructive discharge by Defendant, Plaintiff has experienced severe emotional and mental distress and substantial economic damages, including loss of past, present, and future earnings.

## IV. STATEMENT OF CLAIMS

### Count I: Violation of American Disabilities Act, 42 U.S.C. § 12101, et seq.

### (Hostile Work Environment)

28. Plaintiff incorporates paragraphs 1-27 as if fully set forth herein.

29. At all relevant times, Plaintiff had a disability within the meaning of the ADA, as amended, 42 U.S.C. § 12102.

30. Plaintiff's disability is a serious, complex medical condition involving her endocrine and digestive systems.

31. By creating a hostile work environment for Plaintiff on the basis of her disability, as described above, Defendant discriminated against Plaintiff.

32. By discriminating against Plaintiff based on her disability, Defendant maliciously violated the ADA, as amended, 42 U.S.C. § 12112.

33. Defendant District of Columbia is responsible for the supervision and operation of DCPS and is duty-bound to provide a safe and healthy work environment free from discrimination, hostility, and harassment for all of its employees.

34. DCPS administrators and staff, by and through the scope of their employment with the District of Columbia, deliberately and continuously harassed Plaintiff on the basis of her disability, which created a blatantly hostile work environment for her in violation of the Americans with Disabilities Act, as amended.

35. Despite being informed of the harassment against Plaintiff, Defendant breached its duty to Plaintiff by failing to prevent and remedy the harassment and hostile workplace to which Plaintiff was subjected, thereby sanctioning and encouraging an unsafe and intolerable hostile work environment.

36. As a result of Defendant's actions and omissions, which were malicious, Plaintiff has suffered severe emotional distress, fear, embarrassment, humiliation, loss of self-esteem and mental anguish as well as tremendous economic damages.

## Count II: Constructive Discharge

37. Plaintiff incorporates paragraphs 1-36 as if fully set forth herein.

38. Throughout the 2014-2015 school year at Langdon, Plaintiff complained to Principal Baltimore-Husbands, Vice-Principal Mrs. Greene, Defendant's Human Resources Department, members of Defendant's Leadership Team, including Ms. Henderson and Dr. Alexander, and the employee union, Washington Teachers' Union. Also, Plaintiff attended meetings where she discussed her complaints of a hostile workplace environment with school officials, however, after the meetings, the unwelcome comments and harassment continued from administrators and staff alike.

39. Despite ongoing knowledge of the continuous harassment of Plaintiff by DCPS administrators and staff, Defendant at no time took actions to address or stop the harassment on the basis of her disability. Defendant's administrators and leadership team failed to properly ensure a harassment free workplace for Plaintiff.

40. Because of the harassment at Langdon by Defendant, Plaintiff experienced severe emotional and mental distress.

41. In or about August of 2015, Plaintiff transferred to another DCPS school, Neval Thomas Elementary School, because of the hostile work environment at Langdon.

42. At Neval Thomas, Plaintiff experienced insult, ridicule, and harassment from DCPS staff on the basis of her perceived disability.

43. Despite repeated complaints to Neval Thomas administrators, Principal Walker and Vice-Principal Rashed, the insult, ridicule, and harassment continued at Neval Thomas, leading Plaintiff to suffer serious health issues related to the stress and anxiety of working in a severe and pervasive hostile workplace environment.

44. As a direct result of the ongoing harassment, Plaintiff had no other recourse but to resign from her position at Neval Thomas, which represented a constructive discharge by Defendant.

45. As a direct result of Defendant District of Columbia's failure to adequately address the hostile actions of its employees, Plaintiff has suffered, and will continue to suffer, severe emotional distress, embarrassment, humiliation, loss of self-esteem and mental anguish as well as tremendous economic damages.

46. Because of the harassment and the constructive discharge by Defendant, Plaintiff has experienced severe emotional and mental distress and substantial economic damages, including loss of past, present, and future earnings.

## V. REMEDIES SOUGHT

WHEREFORE, Plaintiff requests the following relief:

A. A declaratory judgment that Defendant discriminated against Plaintiff, as alleged herein;

B. Back pay, including without limitation other lost benefits, including, but not limited to bonuses and raises, due to Defendant's discrimination against Plaintiff;

C. An award of compensatory and punitive damages against Defendant pursuant to the ADA and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §§ 1981a(a)(2), 1981a(b)(3)(A), for taking the above-stated actions with malice and bad faith in violation of the ADA, resulting in a constructive discharge as described herein;

D. Prejudgment and post-judgment interest on all damages, on the lost compensation, and compensatory damages;

E. An award of reasonable attorney's fees and costs under 42 U.S.C. §§ 1981a, 2000e-5(k); and

F. Such other and further relief as the Court deems just and warranted.

## VI.　JURY TRIAL DEMAND

Plaintiff demands a jury trial as to all counts.

Respectfully submitted,

**Date:** April 23, 2018　　　　　　　　　　*/s/ Erik J. Williams, Esq.*
Erik J. Williams, Esq.
D.C. Bar No. 975820
The Law Offices of Erik J. Williams, P.L.L.C.
1300 I Street, NW, Suite 400 East
Washington, DC 20005
Telephone:　(202) 749-8368
Fax:　　　　(202) 749-8301
Email:　　　ejw@thelawofficesofejw.com
*Attorney for Plaintiff*